UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| FREDDY MEDLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 13-CV-3376 |
| ) | |
| SALVADOR GODINEZ, et al., ) | |
| ) | |
| Defendants. ) | |

**MERIT REVIEW OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently incarcerated in Pinckneyville Correctional Center, seeks leave to proceed pro se. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2103).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its

face.'" <u>Alexander v. U.S.</u>, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

Plaintiff was incarcerated in Logan Correctional Center on May 19, 2012, when he slipped on a wet floor. His right ankle "popped" with a "loud 'crunch' type of sound." (Complaint.) Plaintiff spent seven to twelve minutes convincing Correctional Officer John Doe #1 that Plaintiff needed medical attention. John Doe #1 then declared a medical emergency, warning Plaintiff that a disciplinary report would be written if no medical emergency were substantiated.

At the health care unit, Defendant Nurse Pribble examined Plaintiff and determined that Plaintiff had only sprained his ankle, though Plaintiff told her about the popping noise and that Plaintiff thought his ankle was broken. Plaintiff received an ice pack, Motrin, an Ace bandage, and crutches.

The next day, May 20, 2012, Dr. Obaisi examined Plaintiff, concurring that Plaintiff had sprained his ankle. The day after—May 21, 2012—Plaintiff was taken to the hospital for x-rays. After the x-rays, Plaintiff was diagnosed with a "comminuted oblique

fracture involving the distal fibula."  Plaintiff was told that he needed surgery and must stay off his ankle.  The correctional officer escorting Plaintiff called the prison to see if surgery would be authorized.  The surgery was not authorized for the reason that Plaintiff was scheduled to be released from prison the next day.  Plaintiff was transported back to Logan Correctional Center and kept in the health care unit for observation.  On May 22, 2012, Plaintiff was released from prison, but not before Correctional Officer Riggins and Dr. Obaisi tried to coerce Plaintiff into signing a refusal for medical treatment by telling Plaintiff he must sign the form to gain his release.  The Warden intervened and told Plaintiff that no forms needed signing and that Plaintiff was free to leave.

     Plaintiff had surgery on his ankle after he was released.  On June 21, 2013, one year after Plaintiff's surgery, Plaintiff was back in prison on a parole violation.  Plaintiff had an x-ray on his ankle which showed that a pin was protruding from a metal plate in his ankle.  The screws in Plaintiff's ankle were coming out and needed to be replaced.

## ANALYSIS

Plaintiff's claim falls under the Eighth Amendment to the Constitution, which prohibits cruel and unusual punishment. In the context of medical care for prisoners, cruel and unusual punishment occurs when a Defendant is deliberately indifferent to a serious medical need of a prisoner. A prisoner's claim for deliberate indifference must establish "(1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition." Arnett v. Webster, 658 F.3d 742, 750 (7th Cir. 2011). Deliberate indifference is the conscious disregard of a substantial risk of harm to an inmate. Id. at 751; Gomez v. Randle, 680 F.3d 859, 865 (7th Cir. 2012). Deliberate indifference also arises when a doctor's treatment decisions are a "substantial departure from accepted professional judgment." Estate of Cole v. Pardue, 94 F.3d 254, 261-62 (7th Cir. 1996).

Plaintiff's medical condition was serious, but no plausible inference arises of deliberate indifference. Plaintiff was taken to the health care unit twelve minutes after the injury, where he received an examination by a nurse, ice, Motrin, and crutches. The next day Plaintiff was examined by a doctor, and the day after that Plaintiff

received x-rays.  No plausible inference arises from these facts that Plaintiff's injury was disregarded or that treatment or diagnosis was delayed in any significant way.  The alleged unprofessional attitudes of staff did not violate Plaintiff's constitutional rights.  *See, e.g.,* DeWalt v. Carter, 224 F.3d 607 (7th Cir. 2000)(unprofessional and deplorable remarks do not violate the Constitution).

The prison's refusal to authorize surgery because Plaintiff was being released from prison the next day did not amount to deliberate indifference.  Plaintiff's ankle fracture was not life-threatening.  No plausible inference arises that emergency surgery before Plaintiff was released was necessary. Plaintiff himself did not have immediate surgery after his release from prison.

Plaintiff therefore states no constitutional claim arising from his treatment at Logan Correctional Center.  Plaintiff might be able to state a constitutional claim if he is not receiving needed treatment at Pinckneyville Correctional Center, where he is currently incarcerated, but Plaintiff would need to file that case in the Southern District and name his current treating physician as a defendant.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A.  Any amendment to the Complaint would be futile because Plaintiff's allegations negate an inference of deliberate indifference.

2) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).

3) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

**IT IS FURTHER ORDERED:**

**1) Plaintiff's petition to proceed in forma pauperis is granted (d/e 2) for purposes of collecting the filing fee in installments.  The clerk is directed to enter the standard order collecting the filing fee.**

2) **This case is closed. The clerk is directed enter a judgment pursuant to Fed. R. Civ. P. 58.**

3) **Plaintiff's motion for counsel is denied as moot (d/e 3).**

4) **The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

ENTERED:   December 23, 2013

FOR THE COURT:

                                              **s/Sue E. Myerscough**
                                              SUE E. MYERSCOUGH
                                    UNITED STATES DISTRICT JUDGE